UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

KAMAR C. MANSON,

              Plaintiff,

         - against -

SIMPLY FOOD LIC LLC d/b/a FOOD CELLAR
& CO. MARKET,

              Defendant.

- - - - - - - - - - - - - - - - - - X

ORDER

CV 2009-4796 (CBA)(MDG)

Go, United States Magistrate Judge:

    Pro se plaintiff Kamar C. Manson ("plaintiff") brings this action against defendant Simply Food LIC LLC d/b/a Food Cellar & Co. Market ("defendant") asserting claims for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. Plaintiff filed a motion for entry of default for defendant's failure to answer. See ct. doc. 6. By letter dated January 19, 2010, Harvey Mars, counsel for defendant, opposes plaintiff's motion. See ct. doc. 8. For the reasons that follow, I construe defendant's letter as a request for an extension of time to answer, which is hereby granted, and find that plaintiff's motion for entry of default is moot.

## DISCUSSION

    On November 9, 2009, the Court granted plaintiff's application to proceed in forma pauperis and directed the United States Marshals Service to serve the summons and complaint upon

the defendant.  <u>See</u> ct. doc. 3.  The return of service of the U.S. Marshals Service filed on January 14, 2010 (ct. doc. 7) indicates that process was mailed on November 24, 2009, and that defendant responded by mail on December 15, 2009.  <u>Id.</u>  The acknowledgment of service filed herein indicates that an attorney from the "Law Offfices of H.S. Mars, LLC" signed an acknowledgment of receipt of summons and complaint on a form entitled "Notice and Acknowledgment of Receipt of Summons and Complaint by Mail" (the "Notice") on December 15, 2009.  <u>See</u> ct. doc. 5.  The Notice states that "[t]he enclosed summons and complaint are served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and New York State law."  <u>Id.</u>  The Notice also instructs that "[i]f you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days . . ."  <u>Id.</u>

On January 14, 2010, plaintiff moved for entry of default for the defendant's failure to answer.  In its opposing letter, the defendant argues that the defendant's time to answer has not expired.  The defendant reasoned that by signing and returning the acknowledgment of service, defendant's time to answer was extended for 60 days to February 15, 2010.  <u>See</u> ct. doc. 8 at 1. The Court assumes that the defendant is relying on the procedure set forth in Rule 4(d) of the Federal Rules of Civil Procedure. This rule permits the plaintiff to notify a defendant that an action has been commenced and request that the defendant waive

service of process.  See Fed. R. Civ. P. 4(d)(1).  As an incentive for the defendant to waive service, the Rule provides that if a defendant returns the waiver form, it need not serve an answer until 60 days from the time the request was sent.  See Fed. R. Civ. P. 4(d)(3).  However, defendant is wrong that it would have until February 15 to answer under Rule 4(d), since Rule 4(d)(3) requires an answer 60 days from the date of mailing of process (11/24/09), which would be January 25, 2010.

On the other hand, if the twenty day time period specified in the Notice governs, the time for answering would be January 4, 2010, twenty days after December 15, 2009.  The Notice refers to Rule 4(e) of the Federal Rules of Civil Procedure which permits a plaintiff to serve process according to state law but the Notice does not identify the provision of state law pursuant to which service is purported to be made.  This Court assumes that the Notice is referring to service permitted under N.Y. C.P.L.R. § 312-a which sets forth procedures for permitting a plaintiff to serve the summons and complaint by first class mail.  Section 312-a permits service by mail if the defendant completes and mails an acknowledgment of service to the sender.  See N.Y. C.P.L.R. § 312-a.  The answer is then due 20 days from the date the signed acknowledgment of receipt of service is mailed or delivered to the sender.  Id.

If the time period in Fed. R. Civ. P. 4(d) governs, plaintiff's motion for entry of default was premature since the

time for defendant to answer had not yet expired.  If the state service provision governs, then defendant is in default.  This Court is not aware of any cases discussing whether the shorter time period under state law for service by mail should prevail over the waiver provisions in Rule 4(d), though some courts have assumed without deciding that the time period prescribed by section 312-a applies.  <u>See</u>, <u>e.g.</u>, <u>Rosario v. Masterantonio</u>, No. 09-CV-377F, 2009 U.S. Dist. LEXIS 102347, at *5 (W.D.N.Y. Nov. 3, 2009); <u>Smith v. Buffalo Bd. of Educ.</u>, 96-CV-0229E(H), 1998 U.S. Dist. LEXIS 2131, at *2-*3 (W.D.N.Y. Feb. 20, 1998); <u>Torres v. Executive Officer BFI Waste Sys.</u>, 95-CV-1068E(H), 1996 U.S. Dist. LEXIS 8194, at *3-*4 (W.D.N.Y. June 9, 1996).

However, I need not address this issue here because defendant apparently intends to answer and any delay in answering appears to be based on counsel's reliance on Rule 4(d), however mistaken defense counsel is in calculating the time allotted. Given the Second Circuit's preference for deciding cases on the merits and the lack of prejudice to plaintiff, <u>see</u> <u>Enron Oil, Corp. v. Diakhura</u>, 10 F.3d 90, 95-96 (2d Cir. 1993), permitting entry of default would be inappropriate.  In the interest of the "just, speedy and inexpensive determination" of this action, Fed. R. Civ. P. 1, I deem the defendant's January 19, 2010 letter a request for an extension of time to answer and grant the request to February 15, 2010.  As a result, the plaintiff's motion for entry of default is rendered moot.

Nonetheless, the U.S. Marshals Service's use of the service by mail procedure provided by C.P.L.R. § 312-a rather than the comparable waiver provision of Fed. R. Civ. P. 4(d) is troubling. Notwithstanding Rule 4(e) which permits service under state law, effecting service in states allowing service by mail may result in a defendant being afforded less time to answer simply by use of a different form to carry out essentially the same procedure. Compare 1PT1 West's McKinney's Forms Civil Practice Law and Rules § 2:126 with Fed. R. Civ. P. Form 5. In fact, the service by mail form contained in this Court's website is a waiver of service form pursuant to Rule 4(d). See AO 399 reproduced at http://www.uscourts.gov/forms/AO399.pdf.

This Court also questions whether the Notice and receipt used in this case would satisfy the provisions of service under New York law. Subsection (b) of C.P.L.R. § 312-a requires that the summons and complaint be mailed with "two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." Subsection (d) requires that the "statement of service by mail and acknowledgment of receipt of such service be in substantially" the same form as set forth in C.P.L.R. § 312-a(d). While the Notice contains much of the substance of the provisions in subsection (d), it is much more compressed and the different language used conveys a different tone. The Notice also fails to

-5-

mention C.P.L.R. § 312-a or contain a provision comparable to the one in subsection (d) that a defendant who wishes to consult an attorney should do so within 30 days.  However, since defendant apparently does not challenge service by mail, I do not address this issue.

## CONCLUSION

For the foregoing reasons, the defendant's time to answer is extended to February 15, 2010 and the plaintiff's motion for default judgment is denied without prejudice as moot.

**SO ORDERED.**

Dated:   Brooklyn, New York
         January 26, 2010

                                      /s/
                                      MARILYN D. GO
                                      UNITED STATES MAGISTRATE JUDGE